UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRADLEY JOHNSON, ) | |
| ) | |
| Petitioner, ) | Case No. 06 C 3608 |
| ) | |
| v. ) | Hon. Mark Filip |
| ) | |
| STEVEN C. BRYANT, Warden, ) | |
| Graham Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Bradley Johnson ("Petitioner" or "Johnson"), has filed a petition for a writ of habeas corpus ("Petition") against Respondent, Steven Bryan, Warden of the Graham Correctional Center in Hillsboro, Illinois. (D.E. 1.) Johnson challenges the constitutionality of the state court judgment under which he is being held. (*Id.*) Johnson alleges that the Illinois courts' "refusal to act" on his state court post-conviction petition for the last fourteen-plus years should excuse him from having to exhaust state avenues of review. (*Id.*) For the reasons stated below, the Petition is dismissed without prejudice for failure to exhaust state court remedies. This result adheres because virtually all of the delays have been the product of continuances sought either individually by Petitioner, through his counsel; or jointly, by Petitioner through his counsel in connection with the State. While this result is dictated by prior precedent, it is clear that the situation concerning the disposition of Petitioner's state post-conviction petition merits attention and review. Accordingly, a copy of this opinion is being sent to the head of the Cook County Public Defender's Office, as well as Petitioner's specific counsel there. The Court has

also sent a copy of the opinion to the Cook County Circuit Court Judge presiding over the post-conviction case in state court. One would hope that this opinion will, with all respect, spur substantially greater attention to this case.

## BACKGROUND

Petitioner is imprisoned pursuant to a judgment of the Illinois courts. (D.E. 1 at 1.) That judgment followed a jury trial in June 1989 in which Johnson was convicted of first degree murder, for which he later was sentenced to a prison term of natural life. (*Id.* at 1-2.) Johnson appealed his conviction to the Illinois Appellate Court, First District, which affirmed his conviction on May 22, 1991. (*Id.* at 2.) Johnson sought leave to appeal from the appellate court's decision, but leave was denied on October 2, 1991. (*Id.*) He did not file a petition for a writ of certiorari with the United States Supreme Court. (*Id.*)

Johnson then began state post-conviction proceedings. (*Id.* at 3.) He filed a post-conviction petition in the Circuit Court of Cook County in June 1992, which alleged, at least in substantial part, that the trial court had improperly admitted hearsay testimony, and that the State's opening and closing statements prevented the jury from being "properly focused upon the testimony" of a witness whom Petitioner contends was unreliable. (*Id.* at 3; *id.*, Ex. A at 3.) It also appears, reading Petitioner's papers charitably, that he may contend that his trial counsel was ineffective. (D.E. 1 at 3.) The state appointed a public defender to assist Johnson on June 24, 1992. (D.E. 11, Ex. A at 4.) Petitioner has been represented by multiple public defenders in the last fourteen years; it appears that his current public defender has represented him since 2001. (D.E. 1 at 7, D.E. 11 ¶ 8.)

Between the date of Johnson's filing and now, almost fifteen years have passed. (*Id.*, Ex.

A at 1-13.) According to the Clerk of Cook County's Certified Statement of Conviction/ Disposition provided by Respondent, as well as the Court's own correspondence with the Clerk of the Circuit Court of Cook County, consideration of the state court petition has been continued some sixty-nine times. (*Id.*, Ex. A at 1-13.)[1] Three of these continuances have been by order of the court, three have been requested by Johnson, and sixty-three have been "by agreement" of counsel (*i.e.*, by agreement of counsel for Johnson and the State). (*Id.*, Ex. A at 4-13.) Respondent reports that "Petitioner's appointed counsel, a Cook County Assistant Public Defender (APD), verified that the Public Defender's Office had likely agreed to all of these continuances . . . ." (*Id.* ¶ 8.) Johnson is still represented by the Public Defender's Office, and there is no indication that Johnson has attempted to discharge his appointed counsel. (*Id.*) Though over fourteen years have passed, the Circuit Court has not yet ruled on Johnson's petition.[2] (D.E. 11, Ex. A at 13.)

Johnson filed a *pro se* petition for a writ of habeas corpus in federal court. (D.E. 1.) Johnson's Petition advances four grounds for relief: (1) that he received ineffective assistance of counsel at his criminal trial, (2) that alleged hearsay statements were improperly admitted, (3) that his sentence violates the U.S. Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S.

---

[1] In addition to the information furnished by Respondent in the Certified Statement of Conviction/Disposition (D.E. 11, Ex. A), the Court's correspondence with the Clerk's office indicates that Johnson's petition was continued by agreement on August 17, 2006, October 12, 2006, January 11, 2007, and April 19, 2007. The case is scheduled to be heard again on July 19, 2007.

[2] The Court's correspondence with the Clerk of the Circuit Court of Cook County indicates that the State filed a Motion to Dismiss Johnson's state court petition on January 11, 2007. However, neither Petitioner's counsel nor the state court has acted upon or responded to this motion.

3

466 (2000), and (4) that he has been denied his due process right to appeal by the lengthy delay he has faced in state court. (*Id.* at 3.) Respondent has filed a Limited Response to the Petition, asking that the Court dismiss or stay the federal petition because Petitioner has not exhausted available state remedies. (D.E. 11.)

## STANDARD OF REVIEW

A district court typically may not provide habeas relief unless the petitioner has exhausted available remedies in state courts, 28 U.S.C. § 2254(b)(1)(A), and any petition containing unexhausted claims must be dismissed or stayed. *See, e.g., Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Exhaustion occurs when the petitioner has fairly presented his claim to the state courts by arguing both the federal legal principles and the salient and operative facts of the claim, thereby giving the state courts a "meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Chambers v. McCaughtry*, 264 F.3d 732, 737-38 (7th Cir. 2001) (collecting cases) (internal quotation marks and citation omitted). Exhausting all state remedies includes presenting each claim on appeal to the Illinois appellate court and in a petition to the Illinois Supreme Court for discretionary review. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (per curiam) (holding that the rule applies to state collateral review when seeking writ of habeas corpus under Section 2254).

Exhaustion is not required, however, when the state does not make a corrective process available, or when the available process is ineffective to protect a petitioner's rights. *See* 28 U.S.C. § 2254(b)(1)(B); *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995). A sufficiently undue or inordinate delay in the state proceedings may make the available state remedies ineffective.

4

*See id.*; *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993). Caselaw reflects that there is no bright line as to what constitutes undue or inordinate delay, and that a case-sensitive assessment is required, including, at times, a hearing to explore sufficiently undue and unexplained delays. *See generally Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992) (declining to require hearing where one was not required to evaluate material issues).

If a petitioner has not exhausted the available state remedies, the district court typically dismisses "his habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). The rule against successive petitions does not bar a petitioner from refiling once he exhausts his available state remedies. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644 (1998) (stating that no cases hold that "a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition"); *see id.* ("A court where such a petition was filed could adjudicate these claims under the same standard as would govern those made in any other first petition").

## ANALYSIS

Johnson admits that his state post-conviction petition is still pending in the Illinois courts. Normally this would bar Petitioner from seeking relief in federal court, but the length of delay encountered by Johnson suggests that state process may have proved ineffective in this case. The State of Illinois has made a post-conviction corrective process available to its prisoners; the Court examines whether that process should be deemed "ineffective" under 28 U.S.C. § 2254(b). *Accord, e.g., Sceifers*, 46 F.3d at 703; *Kolly v. Chandler*, No. 06 C 0095, 2006 WL 3827324, at

5

*3 (N.D. Ill. Dec. 28, 2006) (Kendall, J.).

When a prisoner faces an inordinate and unjustified delay in attempting to exhaust his state remedies, a district court may excuse a petitioner from the usual requirement that he pursue state avenues of review before seeking federal relief.[3] *See Sceifers*, 46 F.3d at 703; *Lane*, 957 F.2d at 365 (7th Cir. 1992). Respondent admits that Petitioner has not received a ruling on his post-conviction petition for the last fourteen-plus years, and concedes that "[t]he delay in this case is inordinate." (D.E. 11 at 4.) The Court agrees. Although there is no bright line rule regarding what constitutes inordinate delay, courts in this circuit have found delays of periods much shorter than fourteen years to be inordinate. *See, e.g., Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (three and a half year delay was inordinate); *Kolly*, 2006 WL 3827324 at * 3 (three and a half year delay was inordinate); *see also Sceifers*, 46 F.3d at 703 (eleven year delay would qualify as inordinate). A fourteen year delay is not only inordinate; it exceeds even that which the Seventh Circuit has described as "woeful" and "horrendous." *Lane*, 957 F.2d at 364 (over five years); *Sceifers*, 46 F.3d at 704 n. 3 (eleven years).

However, to excuse Petitioner's failure to exhaust, the state's delay must be unjustifiable as well as inordinate. In determining whether a delay is unjustifiable, the district court can hold a hearing, unless the reason for the delay is clear from the record. *See Lane*, 957 F.2d at 365 (declining to require hearing where one was not required to evaluate material issues); *Kolly*, 2006 WL 3827324 at *3 (holding that delay was justifiable without a hearing). To determine if the

---

[3] A state's delay in ruling on a post-conviction petition is not itself grounds for release from custody. *See Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996) (*per curiam*); *accord, e.g., Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997) (citing *Montgomery*, 90 F.3d at 1206, and noting that the Seventh Circuit's position is in accord "with the overwhelming majority of our sister circuits").

6

delay was justifiable, the relevant inquiry is whether the delay can be attributed to the state. *See, e.g., Sceifers*, 46 F.3d at 703-04; *Bell v. Robert*, 402 F. Supp. 2d 938, 943 (N.D. Ill. 2005) ("[I]f the delay cannot be attributed to the state, then the state's process cannot fairly be considered ineffective for the purposes of § 2254(b)."). The record in this case makes the reason for the delay obvious: Johnson's appointed counsel has requested and agreed to sixty-six continuances, allowing for over fourteen years of delay in the petition's disposition. (D.E. 11, Ex. A at 4-13.)

In *Lane*, the Seventh Circuit held that the errors of an appointed deputy public defender in prosecuting a petitioner's state post-conviction petition could not be attributed to the state because, under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), there is no constitutional right to counsel on collateral attack. *See Lane*, 957 F.2d at 365 ("Errors committed by counsel representing a prisoner on collateral attack are not attributed to the state.") (citation omitted); *Sceifers*, 46 F.3d at 703-04 (describing *Lane*'s holding). Because the *Lane* court determined that the delay in that case was caused by petitioner's counsel, and not by the state, petitioner was precluded from claiming that the state process was ineffective. *See Lane*, 957 F.2d at 365. *Lane* and its progeny do not carve out an exception when petitioner's counsel is state-appointed. *See id.* at 364-65; *accord Sceifers*, 46 F.3d at 703-04 (holding that, "in light of our holding in *Lane*, the delay [resulting from the "uninspired performance" of the petitioner's post-conviction counsel] cannot be attributed to the state for purposes of rendering Indiana's state process ineffective under § 2254(b)"); *Kolly*, 2006 WL 3827324 at *4; *De La Paz v. Washington*, No. 96 C 5910, 1999 WL 977064, at *2 (N.D. Ill. Oct. 22, 1999) (Coar, J.) ("Even if the delays in the Petitioner's state [post-conviction] appeal were caused by the public defender, the Seventh Circuit has held that on collateral appeals, the errors of the public defender cannot be attributed

7

to the state because there is no constitutional right to counsel on collateral attack.") (citing *Sceifers*, 46 F.3d at 703-04, and *Lane*, 957 F.2d at 365). Thus, any delay caused by Johnson's appointed counsel in prosecuting his post-conviction attack is not attributable to the state for purposes of determining whether state process is ineffective under § 2254(b).

A review of the Certified Statement of Conviction/Disposition maintained by the Clerk of the Circuit Court of Cook County, as well as the Court's own correspondence with that Clerk's office, indicates that Johnson's case has been continued sixty-nine times. (D.E. 11, Ex. A at 4-13.) Three of these continuances were requested by Johnson and/or his counsel, and sixty-three were agreed to by Johnson and/or his counsel. (*Id.*) Discounting these continuances, the record reflects only 142 days of delay attributable to the state.[4] (*Id.*, Ex. A at 4-5.) That delay, of approximately three and a half months, does not approach the level that would render state process ineffective under § 2254(b). (As the Court stated, there is no bright line rule regarding what length of delay renders state process ineffective. However, the shortest delay the Seventh Circuit has indicated may signify ineffectiveness is seventeen months. *See Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (*per curiam*) (remanding case to district court to determine whether delay was justifiable). The three and a half month delay attributable to the state here is not inordinate, so Illinois's post-conviction process cannot be deemed ineffective under § 2254(b). Therefore, the presumptive rule in the law—*i.e.*, that Petitioner must exhaust available state remedies—applies.

Dismissal without prejudice is appropriate in this case. *Accord Perruquet*, 390 F.3d at

---

[4] The state court petition was continued by the court on June 16, 1992, June 24, 1992, and December 16, 1992 for eight, sixty-seven, and sixty-seven days respectively. (D.E. 11, Ex. A at 4-13.)

8

514. Dismissal without prejudice is particularly appropriate in cases where the petitioner makes a non-frivolous allegation of undue delay in his efforts to exhaust state remedies, as the dismissal will not prevent Petitioner from refiling a new federal petition once he has exhausted state remedies. *See Stewart*, 523 U.S. at 644.

Before concluding, the Court observes that the absence of meaningful action as well as the lack of meaningful steps from Johnson's appointed "advocates" over the last fourteen to fifteen years is, with all respect, hardly the stuff that inspires confidence in the disposition of his state post-conviction petition. It may be the case, of course, that none of his claims is meritorious. For example, his first claim, at least as framed in his briefs—*i.e.*, that his life sentence for murder should be vacated because it was imposed in violation of the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)—appears to be plainly meritless. *See, e.g., Dellinger v. Bowen*, 301 F.3d 758, 765 (7th Cir. 2002) ("*Apprendi* is not retroactive and thus 'does not disturb sentences that became final before June 26, 2000, the date of its release.' Dellinger's sentence became final well before this date, and therefore we reject his petition for habeas relief based on a violation of his rights under the Fourteenth Amendment based on *Apprendi*.") (quoting *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002)). However, even if all of Johnson's claims are meritless, he at least deserves a denial of his petition.

Moreover, while his other claims are among the sorts that tend, on average, to be unpromising for post-conviction and/or habeas claimants (*Strickland* claims, hearsay objections, etc.), that does not mean that the claims will necessarily fail (the Court does not have sufficient information to assess their strength), nor, again, that Petitioner is not entitled to a reasonably prompt presentation and resolution of his post-conviction petition. And, of course, if any one of

9

the claims is meritorious, or even colorable, it goes without saying any relief rendered fifteen years after Johnson filed his petition is not relief remotely prompt enough for the legal system to be proud of.

The Court has forwarded a copy of this opinion to the Edwin Barnette, director of the Cook County Public Defender's Office, and to Petitioner's specific attorney there. The Court has also forwarded a copy of this opinion to the Cook County Circuit Court Judge presiding over Johnson's post-conviction case. Surely this case can be resolved expeditiously now, as it almost certainly should have been resolved long ago.

Finally, the Court notes that it is difficult to see how Johnson's counsel can responsibly agree to many, if any, further continuances in this case, given Johnson's professed disagreement with the pace of the case. In fact, one suspects that Johnson might obtain satisfaction in the Illinois courts more quickly without the assistance of counsel. If Johnson proceeded *pro se*, he would at least have the ability to stop agreeing to continuances. Precedent acknowledges that Johnson at least has the option of discharging his appointed attorneys. *See, e.g., Lane*, 957 F.2d at 365 (suggesting that petitioner may wish to fire his state-appointed counsel so as to more quickly exhaust his state remedies); *see also id.* ("[B]ut as the Constitution does not guarantee the aid of counsel to prosecute a collateral attack, putting a prisoner to a choice between a lawyer and a prompt hearing does not violate the Constitution."). The Court is not advising Johnson to proceed in this fashion, necessarily; federal district courts cannot act as shadow counsel to represented prisoners litigating in state courts, and the decision to proceed without counsel is one that entails certain disadvantages along with whatever advantages might otherwise obtain. Nonetheless, it is at least an option, and one that is at least colorable given the history of the case.

Alternatively, Petitioner might seek appointment of new counsel. Petitioner may have other options too. The Court leaves resolution of such issues to Petitioner, his counsel, and the court presiding over his state post-conviction petition.

## CONCLUSION

For the reasons stated above, the Petition for a writ of habeas corpus is dismissed without prejudice. Copies of the opinion will be forwarded, as indicated above.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Date: 5/21/07